**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4207**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NASSAU LUCAS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:15-cr-00077-REP-1)

———————

Submitted: January 31, 2017    Decided: February 9, 2017

———————

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew M. Stewart, DENNIS, STEWART, KRISCHER, & TERPAK, PLLC, Arlington, Virginia, for Appellant. Dana J. Boente, United States Attorney, Benjamin R. Farley, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Nassau Lucas on two counts of being a felon in possession of a firearm. The district court sentenced Lucas to an aggregate sentence of 140 months' imprisonment. On appeal, Lucas contends that the district court procedurally erred by considering Lucas' motion for a downward variance as a motion for a downward departure from his advisory Sentencing Guidelines range and further erred by failing to meaningfully consider his argument. Finding no error, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." _Gall v. United States_, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. _Id._ at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. _Id._ at 49-51. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." _United States v. Bollinger_, 798 F.3d

201, 220 (4th Cir. 2015) (internal quotation marks omitted), cert. denied, 136 S. Ct. 2448 (2016).

We discern no procedural error. While the district court did not find Lucas' argument persuasive, it recognized its discretion to vary downward from the Guidelines range in light of the § 3553(a) factors. The court clarified with Lucas that he was not raising a sentencing entrapment or sentencing manipulation claim, and that his argument was centered on his culpability under the § 3553(a) factors. Moreover, when the Government attempted to raise arguments concerning sentencing entrapment or sentencing manipulation, the district court corrected the Government several times, reiterating that Lucas' argument was based on the § 3553(a) factors.

The district court also offered a sufficient explanation for its rejection of Lucas' argument. The court stated that Lucas' argument failed in light of the facts of the case — Lucas contacted a confidential informant to sell a pistol, and while an undercover officer contacted Lucas to purchase a firearm that Lucas did not have, Lucas immediately informed the officer that he had other weapons for sale, and that he would have more to sell in the near future. Furthermore, the district court explained that a within-Guidelines sentence was appropriate in light of Lucas' lengthy criminal history and the danger to the public caused by the illegal sale of firearms.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED