IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NASSAU L. LUCAS, PRO SE           )
    Movant,                       )
                                  )
    VS.                           )   CASE NO. 3:15CR77
                                  )
UNITED STATES OF AMERICA,         )
    Respondent.                   )

FILED
AUG 15 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

### MOVANT'S REPLY BRIEF SUBMITTING OBJECTIONS TO THE GOVERNMENT'S MOTION SEEKING TO ENCROACH UPON THE PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS WHERE THE ISSUE OF "ACTUAL INNOCENCE" WAS RAISED IN MOVANT'S § 2255

**COMES NOW** the Movant, Nassau L. Lucas, Pro Se, and hereby respectfully submits this response brief in reply to the Government's request seeking an Order from this Court releasing Movant's previous counsel, Vaughn Jones, Esq., from the attorney-client privilege. The Government seeks this waiver so it may enlist the assistance of the above-referenced attorney, as well as obtain relevant information, documents and materials <u>that should have been previously employed during his federal criminal prosecution in U.S. District Court.</u> Simply put, the Government is now seeking pertinent information to be used <u>against</u> Movant in his § 2255

With all due respect to this Honorable Court and the U.S. Attorney's Office, Petitioner strenuously opposes, rebuffs, and takes exception to this request and would further urge this Court

to reject the Government's solicitation in its entirety. The primary purpose of the attorney-client privilege is to encourage full and frank communication between attorney's and their clients and thereby promote broader public interests in the observance of law and administration of justice. See **Upjohn Co. v. United States**, 449, 383, 389 (1981).

There is no question whatsoever that the attorney-client privilege remains applicable and extends to habeas proceedings. The Federal Rules of Evidence makes it abundantly clear that the attorney-client stands in all federal judicial proceedings. The oldest of the privileges, the **attorney-client privilege** has been recognized since the reign of Queen Elizabeth. See e.g. **Hartford v. Lee**, 21 Eng. Rep. 34 (Ch. 1577). And, the privilege was virtually "unquestioned" even then. **8 J. Wigmore Evidence**, § 2290, at 547 (3d ed.1940).

Of critical import in the instant case is the indisputable fact Movant Lucas has advanced the argument of "**actual innocence**" in his 28 U.S.C. § 2255 petition presently pending before this Court. Movant is aware of the fact that claims of actual innocence require defendants to surrender much of the normal protections he would enjoy at trial that are guaranteed by the Constitution, not to mention other more commonplace protections afforded by evidentiary rules. See **Schlup v. Delo**, 513 U.S. 298 (1995). The attorney-client privilege, even compared to other privileges, has an exalted place in our jurisprudence. See **Kastigar v. United States**, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

Movant Lucas respectfully submits that "forcing a party to relinquish or disclose <u>confidential information</u> and seek redress by any means <u>after the Court has reached a final judgment is an inadequate remedy</u>. When any court orders a production of information over a litigant's claim of privilege <u>does not disclose</u>, the production order complained of essentially destroys the right sought to be protected. See <u>Bogosian v. Gulf Oil Corp.</u>, 738 F.2d 587, 591 (3rd Cir. 1984). "Once putatively protected material is disclosed, the very 'right sought to be protected has been destroyed.'"

In the instant case before this Court, the parties are examining and reexamining constitutional violation(s) of Movant's rights that have occurred during his federal criminal proceedings, that included but are not limited to "ineffective assistance of cousnel." When defining the contours of the attorney-client privilege, the Courts, United States Attorney's Office and any other interested parties must be guided by the "principles of the common law ...as interpreted by the courts ...in light of reason and experience." See <u>Moss v. Unum Life Ins. Co.</u>, 495 Fed. Appx. 483 (Aug. 17, 2012).

<u>CONCLUSION AND
RELIEF SOUGHT</u>

**WHEREFORE**, Movant is fully aware of the fact he cannot hide behind the privilege if he is relying upon privileged communication to make his case, "the Attorney-client privilege cannot be used as a shield and a sword." See <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2nd Cir. 1991). Nonetheless, Movant respectfully moves

3

and urges this Honorable Court reject, repudiate and **DENY** the Government's request seeking an order to release Movant's counsel from the attorney/client privilege.

Done this **9th** day of August, 2018.

Respectfully submitted,

*/s/ Nassau Lucas*
NASSAU LUCAS, PRO SE
REG NO. 86070-083
F.C.I. BECKLEY
P.O. BOX 350 OAK B/U
BEAVER, WV 25813

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been mailed via pre-paid U.S. Mail this **10th** day of August, 2018 to the following party: U.S. Attorney's Office, Eastern District of Virginia, 919 East Main Street, Suite 1900, Richmond, VA 23219-4625.

Respectfully submitted,

*/s/ Nassau Lucas*
NASSAU LUCAS, PRO SE
REG. NO. 86070-083
